IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| KIERSTEN WAGNER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO: 3:25-cv-104 |
| | ) |
| WALMART a/k/a WAL-MART STORES EAST, LP | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kiersten Wagner, by counsel, brings this Complaint and Demand for Jury Trial against the Defendant, Wal-Mart Stores East, LP, and states as follows:

### I. JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1332 (a) and (c) because there is diversity of citizenship between the parties, and the total amount in controversy is legally certain to exceed $75,000, exclusive of interest and costs.

2. Venue lies with the Court pursuant to 28 U.S.C. §1391 because all the alleged events giving rise to this action occurred in this judicial district, in Dubois County, Indiana, and at all relevant times the Plaintiff, Kiersten Wagner (hereinafter referred to as "Kiersten" or "Plaintiff"), permanently resided and was domiciled in Dubois County, Indiana.

### II. PARTIES

3. Kiersten is a citizen of the United States of America and the State of Indiana and permanently resides and is domiciled in Dubois County, Indiana.

4. At all relevant times the precise nature of the Defendant doing business in the State of Indiana is known to the Defendant and unknown to the Plaintiff.

5. Upon information and belief, at all relevant times, Defendant Wal-Mart Stores East, LP (hereinafter referred to as "Walmart" or "Defendant") was an Indiana Foreign Limited Partnership with a principal office located at 1 Customer Dr., Bentonville, AR, 72716.

6. Walmart is a citizen of Arkansas and Delaware.

7. Walmart—through its owners, managers, employees, agents and assigns—owns, controls, operates and maintains a Walmart Supercenter located at 4040 N. Newton Street, Jasper IN, 47546.

8. In accordance with *Carden v. Arkoma Associates*, 494 U.S. 185 (1990), the citizenship of a limited partnership, for diversity purposes, is based on the citizenship of each of its general and limited partners.

9. Upon information and belief, Walmart has one general partner, WSE Management, LLC, and one limited partner, WSE Investment, LLC.

10. The citizenship of an LLC is determined by that of each of its members. *See Thomas v. Guardsmark*, LLC, 487 F.3d 531, 534 (7th Cir. 2007).

11. The sole member of WSE Management, LLC and of WSE Investment, LLC is Wal-Mart Stores East, LLC.

12. Wal-Mart Stores East, LLC's sole member is Wal-Mart Stores Inc., a citizen of Delaware, its state of incorporation, and Arkansas, the location of its principal place of business.

13. Based on the citizenship of its general and limited partners, Walmart is a citizen of Arkansas and Delaware.

### III. FACTUAL ALLEGATIONS

14. This lawsuit alleges a tort injury that occurred at the Walmart Supercenter, 4040 N. Newton Street, Jasper IN, 47546 (hereinafter referred to as "the store").

15. On Sunday, May 21, 2023, Kiersten went to the store to shop for a clay bar kit to detail her car.

16. While shopping at the store, Kiersten was Walmart's business invitee.

17. As a business invitee, Walmart owed Kiersten a duty to exercise reasonable care for her safety and protection while she was shopping at the store.

18. When walking in one of the shopping aisles in the store, Kiersten's car keys and phone flew out of her hands and the next thing she knew she was lying on the floor in a very slick, thin layer of clear fluid.

19. To Kiersten's right was a puddle of yellow/greenish liquid in front of a metal cart and a large garbage can, both of which had been pushed between some boxes of product off to the side of the store aisle. Below is a true and accurate picture of these items taken shortly after Kiersten's fall.



20.     The yellow/greenish liquid had spread from the side of the store aisle into the middle of the aisle leaving a very slick and thin layer of clear fluid on the floor. Below is a true and accurate depiction of this slick, thin layer of clear fluid on the floor in the middle of the store aisle taken shortly after Kiersten's fall.



21.     Unable to see and therefore recognize that there was this slick, thin layer of clear fluid in the middle of the floor aisle, Kiersten slipped and fell severely injuring herself.

22.     Sitting on the bottom shelf of the metal cart that was pushed to the side of the store aisle was a one-gallon container of Prestone Platinum Ready-to-Use Antifreeze + Coolant, and next to this container was more spilled yellow/greenish liquid. Below is a true and accurate picture of this container and the spilled liquid taken shortly after the slip and fall.



23. The color of Prestone Platinum Ready-to-Use Antifreeze + Coolant is "Fluorescent Yellow/Green" as identified on the product's Information Data Sheet which is attached hereto and made a part hereof as Exhibit 1. *See also* "Info Sheet" at https://www.prestone.com/product/platinumafc/

24. The puddle of yellow/greenish liquid that had spread into the middle of the store aisle leaving a clear, thin layer of fluid on the floor that caused Kiersten to slip and fall came from the one-gallon container of the Prestone Platinum Ready-to-Use Antifreeze + Coolant (hereinafter referred to as the "spilled antifreeze").

25. Kiersten dislocated her left kneecap in the fall, immediately causing excruciating pain. Below is a true and accurate picture of Kiersten's dislocated left kneecap taken shortly after the slip and fall.



26. Approximately five minutes after Kiersten's fall, a Walmart employee came to the scene, and then another, and eventually the Store Manager, Alexa Cochran, was called.

27. Upon her arrival, referring to the puddle of spilled antifreeze, Ms. Cochran told Kiersten, among other things, that "this should have been taken care of" and that she did "not know why" it was not.

28. Kiersten's injuries were directly and proximately caused by the negligence of Walmart.

29. Walmart, by and through its employees, failed to remedy the hazardous condition where Kiersten was injured even though Walmart's employees knew or should have known of the existence of said hazardous condition.

30. The hazardous condition existed on the store's floor of the shopping aisle for such a length of time and under such circumstances that Walmart's employees would have discovered the hazard in time to have prevented Kiersten's injury if the employees had used ordinary care.

31. As a direct and proximate result of Walmart's carelessness, and negligence, Plaintiff sustained serious bodily injury when she slipped and fell in the spilled antifreeze.

32. As a direct and proximate result of her injuries, Kiersten incurred and expects to incur past and future medical bills and related expenses, and past and future pain and suffering, both physical and mental, and past and future loss of income.

33. Walmart's above-described actions and non-actions were so grossly negligent, careless, and reckless, Kiersten is entitled to recover punitive damages from Walmart.

**WHEREFORE,** Plaintiff, Kiersten Wagner, respectfully requests that this Court:

A. Award judgment in her favor and against Walmart;

B. Award her compensatory damages against Walmart in an amount to be determined at trial to make her whole;

C. Award damages against Walmart in an amount to be determined at trial to make her whole for the mental anguish, emotional distress and other non-pecuniary damages she has suffered because of Defendant's unlawful conduct;

D. Award her punitive damages;

E. Award her pre- and post-judgment interest on all sums recoverable;

F. Award her the costs and expenses incurred and to be incurred to maintain this action, including an award of reasonable attorneys' fees; and

G. Award her all other relief proper in the premises.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury of all causes of action and theories so triable.

Respectfully submitted,

ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

*Matthew S. Koressel*
Matthew S. Koressel, Attorney No. 35276-49
Keith W. Vonderahe, Attorney No. 21908-82
Ziemer Stayman Weitzel & Shoulders, LLP
P.O. Box 916
Evansville, IN 47706-0916
Telephone: (812) 424-7575
Facsimile: (812) 421-5089
E-Mails: mkoressel@zsws.com and kvonderahe@zsws.com

*Attorneys for Plaintiff Kiersten Wagner*